FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**June 16, 2026**

Christopher M. Wolpert
Clerk of Court

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT LOUIS ORTIZ, III,

Defendant - Appellant.

No. 25-2166
(D.C. No. 5:25-CR-03701-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **EID**, Circuit Judges.
_____

Robert Louis Ortiz, III, accepted a plea agreement and pleaded guilty to seven counts of drug-trafficking and firearms violations. The district court sentenced him to 322 months' imprisonment, at the low end of the applicable Sentencing Guidelines range. Although his plea agreement contains an appeal waiver, Mr. Ortiz appealed.

When the government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc), Mr. Ortiz's attorney concluded that it would be frivolous to oppose the government's motion. He thus filed an *Anders* response and a motion to withdraw. *See Anders v. California*,

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

386 U.S. 738, 744 (1967). We invited Mr. Ortiz to respond, *see id.*, but he has not done so.

Having conducted an independent review of the parties' submissions and the relevant portions of the record, *see id.*, we agree it would be frivolous to challenge the enforcement of the appeal waiver. Nothing in the materials before us indicates that (1) Mr. Ortiz has a claim, properly brought on direct appeal, that falls outside the scope of his appeal waiver; (2) his waiver was not knowing and voluntary; or (3) enforcing the waiver would result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. Particularly, to the extent that Mr. Ortiz wishes to appeal the length of his sentence as substantively and procedurally unreasonable, *see* Dktg. Stat. (Dkt. No. 4) at 5, such arguments fall squarely within the scope of the appeal waiver. Mr. Ortiz waived "the right to appeal . . . any sentence, at or under the maximum statutory penalty authorized by law," Mot. to Enforce, Ex. 1 at 11, and his sentence for each count was at or under the maximum statutory penalty.

We grant counsel's motion to withdraw (Dkt. No. 32). We grant the government's motion to enforce the appeal waiver (Dkt. No. 23) and dismiss this appeal.

Entered for the Court

Per Curiam

2